**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TERRY HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>RYDER TRUCK RENTAL, INC., et al.,<br><br>Defendants. | CIVIL NO. 1:26-CV-01121<br><br>(LATELLA, M.J.) |

**MEMORANDUM**

Before the Court are various pending motions and requests for relief raised via correspondence to the docket filed by the parties in this action. For the sake of efficiency, all pending matters will be addressed herein.

## I. Procedural History

*Pro se* Plaintiff Terry Harris initiated this matter against Defendants Ryder Truck Rental, Inc., Gilbert Chaffman, Danne L. Archibee, Lee Sutton, Stacy L. Lavas, Brittany Brewer, Ben McPherson, Jaime Hummel, Rick Jackson, Bill Dawson, Tom Havens, Orville C. Barnett, Marissa Alfieri, and Richard Mundie on April 29, 2026. (Doc. 1). On that same date, he filed a motion for leave to proceed *in forma*

*pauperis*. (Doc. 2). On May 11, 2026, we issued an Order identifying deficiencies with Plaintiff's Complaint and offering him an opportunity to file an amended pleading. (Doc. 4).

On May 26, 2026, Plaintiff filed a "Notice of Filing of Amended Complaint" (Doc. 5), a "Motion for Leave to File Amended Complaint" (Doc. 6), an Amended Complaint (Doc. 7), a Motion for Service by the US Marshal (Doc. 9), and a Motion to Appoint Counsel (Doc. 10).

On June 17, 2026, we issued an Order denying the Motion for Leave to file an Amended Complaint moot, as we had already granted him permission to do so. (Doc. 11). Additionally, we denied his motion for appointment of counsel without prejudice and granted in part and denied in part his Motion for Service by the US Marshal, instead specially appointing the Clerk of Court to effect service in this matter. (*Id*). In that Order, we also directed Plaintiff to provide addresses for all named Defendants. (*Id.*).

On June 24, 2026, Plaintiff filed a "Status Report Update Regarding Service of Process" indicating that he "made diligent, good faith efforts to identify accurate service locations for each of the fifteen defendants." (Doc. 12). He noted that several Defendants work at the

York, Pennsylvania Ryder Truck Rental facility and provided the address for that location. (*Id.*). He also noted that one Defendant worked at the New Oxford, Pennsylvania Ryder facility and provided that address. He then noted that "[t]he remaining defendants are regional operations managers, regional HR personnel, or corporate executives whose specific office locations are not publicly available to [him] as a pro se litigant." (*Id.*). He stated that for those individuals, he provided "the address of Ryder's registered agent, CT Corporation System, which is authorized to accept service on behalf of Ryder Truck & Rental, Inc. and its officers." (*Id.*).

Waivers of service for Defendants Jaime Hummel, Bill Dawson, and Stacy L. Lavas were returned unexecuted by CT Corporation on July 7, 2026, with CT Corporation indicating that it is not the registered agent for those Defendants. (Docs. 14, 25, 16). On July 14, 2026, Plaintiff filed a Motion for Alternative Service of Process on Individual Defendants. (Doc. 18). On July 15, 2026, Plaintiff filed a "Notice of Loss of Electronic Filing Access and Request for Permission to File by U.S. Mail" (Doc. 19) and we entered an Order on September 2, 2026 granting that Motion (Doc. 30).

On August 5, 2026, Plaintiff filed a "Notice to address several clerical issues affecting the administration of the above-captioned matter." (Doc. 20). Plaintiff noted that he continued to receive electronic filing notices, despite informing the Court that he does not have access to electronic filing due to a computer failure. (*Id.*). He also requested that Defendant Ryder Truck & Rental, Inc. be changed on the caption to Ryder Truck Rental, Inc. (*Id.*). He requested that the amount listed as his demand on the civil cover sheet be modified, and finally, he requested an update regarding service on Defendants by the United States Marshals Service. (*Id.*).

On August 24, 2026, Defendant Benjamin McPherson filed an Answer. (Doc. 22). On that same date, he filed a letter to the docket indicating that counsel for Defendant McPherson provided Plaintiff with an executed waiver of service, but that Plaintiff did not file the waiver to the docket. (Doc. 23). On August 25, 2026, counsel for Defendant Orville Barnett filed a letter to the docket indicating that Defendant Barnett was improperly served at his place of business. (Doc. 24). Notwithstanding the deficiency with service, counsel indicated service would not be contested and attached an executed

waiver of service. (*Id.*). Defendant Barnett requested additional time to respond to Plaintiff's Complaint. (*Id.*).

On August 27, 2026, Plaintiff filed several additional motions. He filed a Motion for a Status Conference and Clarification of Service. (Doc. 25). Plaintiff filed a Motion to Amend and Correct Caption, again, requesting that Defendant Ryder Truck & Rental, Inc. be changed on the caption to Ryder Truck Rental, Inc. (Doc. 26). He filed a "Renewed Motion for U.S. Mail Filing and Receipt, Alternative Service, and Extension of Time." (Doc. 27). Plaintiff filed an Updated Motion for Status Conference and Clarification of Service. (Doc. 28). On September 1, 2026, Plaintiff filed a Motion for Leave to File a Second Amended Complaint. (Doc. 29).

We will now address the various pending matters.

## II. Various Pending Motions and Requests

We will address all pending requests and motions raised by the Parties. However, we are compelled to remind all parties that going forward, compliance with the Middle District Local Rules of Civil Procedure is expected and required. Requests for affirmative relief

must be set forth in motions and must comply with all relevant Local Rules.

### A. Plaintiff's Motions and Requests for Alternative Service

Plaintiff first filed a Motion for Alternative Service on July 14, 2026. In that Motion, he requested authorization for alternative service upon individual Defendants "pursuant to Fed. R. Civ. P. 4(e)(1), 4(m), and applicable Pennsylvania law." (Doc. 18). In support of this requested relief, Plaintiff indicates that the U.S. Marshal Service attempted service at Ryder Corporate locations; Ryder Truck Rental, Inc. refused to accept service for individual employees; no executed USM-285 forms or returns of service were received; Plaintiff does not possess personal addresses for the individual defendants; Plaintiff acted diligently and in good faith; good cause exists under Rule 4(m) for extension and alternative service. (*Id*. at 1). As relief, Plaintiff requests an authorization to serve Defendants via certified mail to their last known business address; service upon Ryder Truck Rental, Inc. with an order compelling disclosure of employee addresses; email service where addresses are known; posting at Ryder corporate locations if necessary. (*Id*.).

On August 27, 2026, Plaintiff also filed a Renewed Motion for U.S. Mail Filing and Receipt, Alternative Service, and Extension of Time. (Doc. 27).[1] In that Motion, he again requested alternative service. (Doc. 27 at 1-2). In support of that request, he indicates that "[c]ertain requests through CT Corporation were rejected because it was not registered agent for the individuals." (*Id.*). He further states that he "lacks residential addresses for multiple individuals and used reasonably available business information." (*Id.* at 2). He claims that he acted diligently. As relief, he requests additional time as well as "possible" relief including service to "a verified business address, delivery to a person legally authorized to accept service, disclosure under seal of address for Marshal use, or another method expressly approved by the Court." (*Id.* at 2). Plaintiff indicates that he seeks "clear instructions for lawful service." (*Id.*).

Rule 4 of the Federal Rules of Civil Procedure dictates the methods by which a plaintiff must serve a complaint and summons in

[1] In that Motion, he again highlighted his lack of access to electronic filing and requested that the Clerk of Court and all parties serve paper copies to his mailing address. That request was granted on September 2, 2026. (Doc. 30).

federal court. *Douglas v. Yugulis*, No. 3:23-CV-1510, 2024 WL 1704899, at *1 (M.D. Pa. Apr. 19, 2024). Plaintiff indicates that he is seeking alternative service pursuant to Fed. R. 4(e)(1) and "Pennsylvania law." (Doc. 18).

Rule 4(e) provides that a plaintiff can serve an individual by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

Fed. R. Civ. P. (4)(e). In Pennsylvania, the rules authorize special means of service when service cannot be made under the regularly applicable rules. Rule 430 of the Pennsylvania Rules of Civil Procedure permits a plaintiff to petition the court for an order directing such alternative means of service. Pa. R. Civ. P. 430(a). Service by publication, while permitted in certain circumstances, "is an extraordinary measure." *Fusco v. Hill Financial Savings Ass'n*, 683 A.2d 677, 680 (Pa. Super. Ct. 1996); Pa. R. Civ. P. 430(b)(1).

To establish that alternative service, such as service by publication, is appropriate, a plaintiff must demonstrate that: (1) he made a good faith effort to locate the defendant; (2) he has made practical efforts to properly serve the defendant; and (3) alternative

service is "reasonably calculated to provide the defendant with notice of the proceedings against him." *Calabro v. Leiner*, 464 F. Supp. 2d 470, 472 (E.D. Pa. 2006).

To meet the first requirement, a "good faith effort" entails efforts such as "inquiries of postal authorities, inquiries of relatives, friends, neighbors, and employees of the defendant, and examinations of voter registration records," among others. *Id.* (citing Pa. R. Civ. P. 430(a), note). As to the second requirement, a plaintiff must "make multiple attempts to serve defendants." *Barbosa v. Dana Capital Group, Inc.*, 2009 WL 902339, at *6 (E.D. Pa. Mar. 31, 2009) (collecting cases) (finding that three attempts to make proper service on consecutive days was insufficient). Finally, with respect to the third requirement, Rule 430(b)(1) requires that the desired service by publication be made in a legal publication, as well as in at least one newspaper of general circulation within the county. Pa. R. Civ. P. 430(b)(1). Courts in this circuit have held that with respect to this requirement, a plaintiff seeking permission to serve a suit by publication "must specify the newspapers in which he intends to publish notice." *Barbosa*, 2009 WL

902339, at *7; *Olympic Steel, Inc. v. Pan Metal & Processing, LLC*, 2011 WL 6739447, at *3 (E.D. Pa. Dec. 21, 2011).

Here, Plaintiff is proceeding *in forma pauperis*. A Plaintiff proceeding *in forma pauperis* is entitled to have the Marshals Service or other appointed person effect service. *Meade v. Reynolds*, 810 F. App'x 86, 88 (3d Cir. 2020) (citing 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3)). "But the plaintiff must provide the district court with sufficient information to enable the Marshals Service to effectuate service of process." *Id*. (citing *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (holding that it is the responsibility of a plaintiff proceeding pro se and IFP to provide proper addresses for service)).

Here, we specially appointed the Clerk of Court to effectuate service in accordance with Fed. R. Civ. P. 4(c)(3). (Doc. 11 at 7). We also instructed Plaintiff to provide addresses to enable the Clerk of Court to effect service. (*Id*.). Once those addresses were provided, we directed the Clerk of Court to mail a copy of the Amended Complaint (Doc. 7), notice of lawsuit and request to waive service of summons (Form AO 398), waiver of service of summons (Form AO 399), and our June 17, 2026 Order to the named Defendants. (*Id*.). We also

requested that the Defendants waive service in the interest of efficient administrative judicial economy. (*Id*.).

In response to that Order, Plaintiff filed a Notice of Service Addresses for all Defendants. (Doc. 13). Consistent with our Order, the Clerk of Court then mailed the specified documents to each Defendant at the address provided by Plaintiff. (Doc. 14).

Only two of fourteen Defendants, Defendants McPherson and Barnett, waived service. (Docs. 23-2; 24-1). Waivers of service were returned unexecuted for Defendants Jaime Hummel, Bill Dawson, and Stacy L. Lavas by CT Corporation. (Docs. 15, 26, 17).

Based upon the information provided by Plaintiff, we are unable to find that he has satisfied the requirement that he make a "good faith effort" to identify addresses for the Defendants to enable service by the Clerk of Court. *See Chappell v. Powell*, 303 A.3d 507, 513-14 (Pa. Super. 2023) ("trial court may not authorize alternative service under Rule 430 until there is "proof that a good faith effort has been made to effectuate service under normal methods.") While Plaintiff repeatedly claims to have acted diligently and in good faith, he states only that he does not possess the residential addresses for the individual defendants.

He does not indicate what, if any efforts, he has undertaken to obtain those addresses. *See, e.g.*, *Calabro*, 464 F. Supp. 2d at 472 (a "good faith effort" entails efforts such as "inquiries of postal authorities, inquiries of relatives, friends, neighbors, and employees of the defendant, and examinations of voter registration records," among others). Accordingly, his motions for alternative service will be denied. However, we will provide Plaintiff with an additional thirty (30) days to attempt to locate addresses for each of the Defendants that has not filed a waiver of service.

**B. Motions for Leave to Amend Complaint**

Plaintiff made several requests to amend the name of Defendant Ryder Truck & Rental, Inc. to Ryder Truck Rental, Inc. (Docs. 20, 26). He also requests that the caption be amended to correctly identify Defendant Richard Mundie rather than Jason Mundie. (Doc. 28). Finally, Plaintiff filed a Motion for Leave to substantively amend his Complaint on September 1, 2026, attaching a copy of his proposed second amended complaint. (Doc. 29). In support of that Motion, Plaintiff alleges that the proposed amended complaint better organizes the allegations "into defendant-specific sections." (Doc. 29 at ¶ 3). It

also "restores factual allegations contained in the original complaint that were omitted or summarized in the first amended complaint . . .") (*Id.* at ¶ 4). Plaintiff maintains that the proposed amended complaint does not introduce a new dispute, transaction, occurrence, or unrelated cause of action. (*Id.* at ¶ 6). Plaintiff's request regarding amending the caption to reflect Ryder Truck Rental, Inc. was granted on September 2, 2026. (Doc. 32). The docket reflects Richard Mundie and not Jason Mundie as a Defendant, and so, there is no relief to be provided in that instance. Accordingly, regarding Plaintiff's requests for amendment, the only remaining motion is his Motion for Leave to File a Second Amended Complaint. (Doc. 29).

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see Gay v. Petsock,* 917 F.2d 768, 772 (3d Cir. 1990) (Rule 15 designed to allow amendment of pleadings "in the interests of justice") (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)).

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant,

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—" leave to amend should be liberally granted. *Foman,* 371 U.S. at 182; *see Heyl & Patterson Int'l, Inc., v. F.D. Rich Housing of the Virgin Islands, Inc.,* 663 F.2d 419, 425 (3d Cir.1981) (undue prejudice is touchstone for denial of leave to amend), *cert. denied,* 455 U.S. 1018, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982).

We see no basis to deny Plaintiff's request for leave to file a Second Amended Complaint. Importantly, we cannot say that the Defendants will be unduly prejudiced here, where, as discussed *supra*, twelve of the fourteen parties have not yet been served.

### C. Motion for Status Conference

Plaintiff has filed two motions requesting a status conference. (Docs. 25, 28). On August 27, 2026, Plaintiff filed a "Motion for Status Conference and Clarification of Service." (Doc. 25). In that Motion, he requested a conference or written status order identifying (a) whether Ryder Truck Rental, Inc. was served; (b) which individuals were served;

(c) who remains unserved; (d) the status of revised USM-285 forms; (e) the prior alternative service request; (f) clarification that the defendant named in the Original Complaint is Richard Mundie, and correction of later references to Jason Mundie; (g) the remaining service deadline; and (h) response deadlines. (*Id*. at 2).

On that same date, Plaintiff filed an "Updated Motion for Status Conference and Clarification of Service, Including Defendant Ben McPherson's Response Deadline." (Doc. 28). In this Motion, Plaintiff notes that Defendant Mundie was initially identified as Richard Mundie, but that later service related documentation referenced him as Jason Mundie. (*Id*.). He requests that the docket reflect the accurate identity, Richard Mundie. (*Id*.)

Plaintiff also requests "clarification" regarding Defendant Benjamin McPherson, noting that he does not know whether Defendant McPherson was properly served or whether an Answer, Rule 12 motion, or other pleading was filed. (*Id*.).

We see no need for a status conference at this juncture and so, both motions will be denied. The information Plaintiff requests regarding the status of service is detailed *supra* in this Memorandum.

By way of summary, we specially appointed the Clerk of Court to effectuate service. To that end, the Clerk of Court was directed to mail copies of certain documents, including the operative pleading and waiver of service forms, to Defendants at the addresses provided by Plaintiff. Only two of the fourteen Defendants filed waivers of service. As discussed, we will provide Plaintiff with additional time to make a good faith effort to search for the addresses of the Defendants to enable the Clerk of Court to effectuate service. Defendant McPherson filed an Answer on August 24, 2026 to the Amended Complaint.

### D. Defendant Barnett's Request for Extension of Time to Answer

In his correspondence dated August 25, 2026, Defendant Barnett sought an extension of time until August 28, 2026 to answer or otherwise respond to Plaintiff's Amended Complaint. (Doc. 24). We note that as of this date, Defendant Barnett has not answered or otherwise responded to the Amended Complaint. In light of the fact that we are granting Plaintiff's Motion for Leave to File a Second Amended Complaint, Defendant Barnett's request will be denied as

moot. He will, however, be afforded fourteen days to respond to the Second Amended Complaint. *See* Fed. R. Civ. P. (a)(3).

### III. Conclusion

For the reasons set forth herein, Plaintiff's Motions for Alternative Service of Process (Docs. 18, 27) will be denied. Plaintiff's Motion Leave to File a Second Amended Complaint (Doc. 29) will be granted. Plaintiff's Motions for Status Conferences and Clarification (Docs. 25, 28) will be denied. Defendant's Barnett's request for an extension of time to answer or respond to Plaintiff's Amended Complaint (Doc. 24) will be denied as moot, however, he will have fourteen days to respond to Plaintiff's Second Amended Complaint. An Order follows.

Date: September 3, 2026

**/s/ Leo A. Latella**
Leo A. Latella
United States Magistrate Judge